**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4685**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MILTON CHAVARRIA, a/k/a Syko,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:15-cr-00121-RJC-DSC-5)

Submitted: May 31, 2017                    Decided: June 27, 2017

Before GREGORY, Chief Judge, and SHEDD and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian Michael Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Milton Chavarria appeals his below-Guidelines 228-month sentence imposed following his guilty plea to conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, in violation of 18 U.S.C. § 1962(d) (2012), based on his involvement with the MS-13 gang. Chavarria raises three arguments on appeal, none of which withstands review.

First, Chavarria challenges his base offense level, which the district court arrived at by cross-referencing the attempted first degree murder Guideline. We review the factual findings underlying a cross-reference for clear error. *United States v. Ashford*, 718 F.3d 377, 380, 384 (4th Cir. 2013). Here, the Sentencing Guidelines instructed the district court to cross-reference the base offense level for the racketeering activity underlying Chavarria's conspiracy offense. *See* U.S. Sentencing Guidelines Manual § 2E1.1 (2015). The parties dispute whether that activity was attempted first or second degree murder. Attempted first degree murder compels a base offense level of 33, but attempted second degree murder warrants a base offense level of 27. USSG § 2A2.1(a). "First-degree murder requires proof of premeditation, while second-degree murder simply requires proof of malice aforethought." *Ashford*, 718 F.3d at 384 (internal quotation marks omitted). The government need not prove the defendant intended to injure or kill to establish malice. *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003). Instead, the government can prove malice by showing the defendant's awareness that his conduct created a serious risk of death or bodily harm. *Id.*

2

The evidence supports the district court's findings of premeditation and malice. According to an initial statement by a gang recruit, Chavarria directed the recruit to shoot the first black man that walked by them and then Chavarria served as the getaway driver. While the recruit and other coconspirators changed their stories, Chavarria's jail calls established that he knew about the shooting beforehand and was in the area of the shooting when it occurred. Police also confirmed that Chavarria's car was used to flee the scene after the shooting. Chavarria's involvement in, or at least awareness of, the planning of the shooting and subsequent assistance with the getaway amounted to premeditation. The cases Chavarria cites to contest a finding of premeditation do not support his argument because they do not distinguish between first and second degree murder. *See United States v. Burns*, 781 F.3d 688 (4th Cir. 2015); *Ashford*, 718 F.3d at 380 (4th Cir. 2013). Moreover, shootings create a serious risk of death or bodily harm, and therefore, by planning the shooting, Chavarria possessed the requisite malice. Thus, we conclude that the district court did not clearly err when it cross-referenced the Guideline for attempted first degree murder.

Second, Chavarria challenges the district court's refusal to reduce his offense level by two points for acceptance of responsibility, and enhancement of his offense level by two points for attempted obstruction of justice. We review both rulings for clear error. *United States v. Smoot*, 690 F.3d 215, 219-20 (4th Cir. 2012) (acceptance of responsibility); *United States v. Hughes*, 401 F.3d 540, 559 (4th Cir. 2005) (obstruction of justice). Chavarria argues that those rulings were clear error because they derived from statements made in his two pro se filings, which according to Chavarria, the district

3

court could not rely on in light of W.D.N.C. Local Rule 47.1(H). That rule, however, applies to motions, not to Chavarria's pro se filings, which included a document titled, "Affidavit of Facts" and a letter. *See* W.D.N.C. Local Rule 47.1 ("[T]he Court will not ordinarily entertain a *motion* filed by a criminal defendant who is still represented by counsel . . . .") (emphasis added). Because the district court properly considered the pro se filings and Chavarria has conceded that the filings jeopardized his claim to acceptance of responsibility, the district court did not clearly err when it denied the acceptance of responsibility adjustment and applied the obstruction of justice enhancement.

Third, Chavarria, while labeling his argument as a challenge to the substantive reasonableness of his sentence, actually argues that the district court committed harmful, procedural error in calculating his Sentencing Guidelines range by applying the attempted first degree murder cross-reference, refusing to apply the acceptance of responsibility adjustment, and enhancing his sentence for obstruction of justice. We review sentences for procedural and substantive reasonableness under "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). In assessing procedural reasonableness, we consider factors such as whether the district court properly calculated the Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the sentence imposed. *Id.* Absent any significant procedural errors, we evaluate the substantive reasonableness of a sentence under "the totality of the circumstances." *Id.* We presume reasonable within- or below-Guidelines sentences. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). This "presumption can

only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

For the reasons described above, the district court did not miscalculate Chavarria's Guidelines range. Because Chavarria has failed to identify any other potential procedural errors, we turn to the substantive reasonableness of his sentence. We conclude that Chavarria has failed to rebut the presumption of reasonableness afforded his below-Guidelines sentence and therefore that the district court did not abuse its discretion when sentencing Chavarria.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5